UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GARTH GRANT, | ) Civil Action No.: 4:11-cv-1499-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) **REPORT AND RECOMMENDATION** |
| | ) |
| I.N.I. CORPORATION and STRAND | ) |
| DEVELOPMENT COMPANY, LLC, | ) |
| Jointly and Severally d/b/a DAYS INN– | ) |
| FLORENCE; | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## I.     INTRODUCTION

In this action, Plaintiff brings a claim for religious discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. and the First Amendment. Presently before the Court is Defendant Strand Development Company, LLC's (Strand Development) Motion to Dismiss (Document # 10) pursuant to Rule 12(b)(1) and (6), Fed.R.Civ.P. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.  Because this is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

## II.     PROCEDURAL HISTORY

On July 16, 2010, Plaintiff, as Charging Party, filed a Charge of Discrimination claiming that his employer "Days Inn of Florence" had discriminated against him on the basis of his religion in violation of Title VII. The Charge was served upon "Days Inn of Florence/I.N.I. Corporation." The Charge was never served on Strand Development and thus Strand Development did not file a

response to the Charge with the Equal Employment Opportunity Commission (EEOC). On March 22, 2011, the EEOC issued a Dismissal and Notice of Right to Sue. On June 20, 2011, Plaintiff Garth Grant ("Plaintiff") filed a Complaint in this matter. The Complaint names as Defendants "I.N.I. Corporation and Strand Development Company, LLC, jointly and severally d/b/a Days Inn-Florence." The Complaint seeks relief from the Defendants based upon two primary causes of action: (i) Violation of Title VII of the Civil Rights Act – Religious Discrimination, (ii) Violation of the First Amendment and 42 U.S.C. § 1983.

### III.    STANDARD OF REVIEW

Strand Development seeks to dismiss Plaintiff's claims against it pursuant to Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P. When a Rule 12(b)(1) motion is raised as to the factual basis for subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 766 (4th Cir.1991). When evaluating a challenge to jurisdiction under Rule 12(b)(1) the court can go beyond the face of the complaint and consider evidence without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982); see also Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768.

A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim

that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U .S. at 555.

> Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:
>
> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

## IV.   DISCUSSION

### A.   Strand Development's Arguments

Strand Development moves for dismissal for several reasons: Plaintiff did not name Strand Development in its Charge of Discrimination and, thus, this court lacks subject matter jurisdiction; Plaintiff fails to sufficiently allege a cause of action for discrimination based upon religion; and Plaintiff fails to allege that Strand Development "acted under color of state law" to be subject to liability for Plaintiff's First Amendment Claim under 42 U.S.C. § 1983.[1]

---

[1] Strand Development also sets forth in its Motion that it is not an "employer" as defined by Title VII and, thus, is not subject to liability under Title VII, but does not address this argument in its Memorandum.

**B.     Failure to Name Strand Development in Charge of Discrimination**

Strand Development first argues that the court lacks subject matter jurisdiction over Plaintiff's Title VII claims against it because Plaintiff failed to properly follow the statutory prerequisites for filing an administrative charge with the EEOC. See Davis v. N.C. Dep't of Corr., 48 F.3d 134, 136–37 (4th Cir.1995)("Before a federal court may assume jurisdiction over a claim under Title VII," a plaintiff must exhaust the EEOC administrative process.).

Plaintiff did not name Strand Development in the Charge of Discrimination. Rather, he named "Days Inn of Florence" and "INI Corporation." Under Title VII, a civil action may be brought only "against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). The purposes of this requirement include putting the charged party on notice of the complaint and allowing the EEOC to attempt reconciliation. Causey v. Balog, 162 F.3d 795, 800 (4th Cir. 1998) (citing Alvarado v. Board of Trustees of Montgomery Community College, 848 F.2d 457, 460 (4th Cir.1988)). "Construed strictly, however, this requirement could present a virtually insurmountable barrier for Title VII claimants, many of whom file administrative charges without the assistance of counsel." Tietgen v. Brown's Westminster Motors, Inc., 921 F.Supp. 1495, 1498 (E.D.Va. 1996); see also Alvarado, 848 F.2d at 460 ("Title VII does not require procedural exactness from lay complainants: 'EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.' ") (citing Kaplan v. Int'l Alliance of Theatrical & Stage Employees, 525 F.2d 1354, 1359 (9th Cir.1975)). Thus, a plaintiff's failure to name a defendant in an EEOC charge does not bar a subsequent suit if "the purposes of the naming requirement were substantially met," i.e. if (1) all defendants received fair notice, and (2) the EEOC was able to attempt conciliation with the responsible parties. Davis v. BBR Management, LLC, No. DKC

10-0552, 2011 WL 337342, *5 (D.Md. Jan, 31, 2011) (citing Vanguard Justice Soc. Inc. v. Hughes, 471 F.Supp. 670, 687 (D.Md.1979)).

Several district courts in the Fourth Circuit have applied the "identity of interest" or "substantial identity" test to determine whether a defendant had notice of the EEOC charges and participated in the conciliation process. See, e.g., Mayes v. Moore, 419 F.Supp.2d 775, 782-83 (M.D.N.C.2006); Jamieson v. Valle Bank, No. 7:05CV00165, 2005 WL 2233545 (W.D.Va. Sept. 13, 2005); Tietgen, 921 F.Supp. at 1498-99; see also Alvarado, 848 F.2d at 461 (explaining that the "Fourth Circuit has not had occasion to decide whether to adopt the substantial identity exception" but noting that EEOC v. American National Bank, 652 F.2d 1176, 1186 n. 5 (4th Cir.1981),quoted such language "with approval ... in dictum"). In applying the substantial identity test, courts consider four factors:

> (1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
> (2) Whether, under the circumstances, the interest of the named party are so similar to the unnamed party's that for the purposes of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
> (3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and
> (4) Whether the unnamed party had in some way represented to the complainant that its relationship with the complainant is to be through the named party.

McAdoo v. Toll, 591 F.Supp. 1399, 1403 (D.Md.1984).

Plaintiff bears the burden of establishing that jurisdiction is proper. Adams, 697 F.2d at 1219. Plaintiff argues that, at the time Strand Development filed its Motion to Dismiss, the parties had not yet started the discovery process. While it is generally not necessary to engage in discovery prior to filing a Motion to Dismiss under Rule 12, jurisdictional discovery can be appropriate in

some instances. See Central Wesleyan College v. W.R. Grace & Co., 143 F.R.D. 628, 644 (D.S.C.1992) ("When the Plaintiff's claim does not appear frivolous, a district court should ordinarily allow discovery on jurisdiction in order to aid the Plaintiff in discharging the burden of establishing the court's jurisdiction."). Based upon the record presented thus far, there is insufficient evidence to allow the court to consider the "substantial identity" factors. Thus, Strand Development's Motion to Dismiss as to this issue should be denied at this time with leave to refile once discovery is complete.

      **C.**    **Failure to State a Claim Under Title VII**

Strand Development also argues that Plaintiff has failed to sufficiently allege a claim for religious discrimination. Plaintiff provides the following factual allegations in his Complaint:

12. The Plaintiff, a man of Christian faith, was offered and accepted employment with the Defendants on or about October 5, 2009.
13. During the interview process the Plaintiff made the Defendants aware of his religious obligations to his church on Saturdays and Sundays.
14. Beginning in October, 2009, the Plaintiff was subjected to harassment by management as they continuously put the Plaintiff on the weekly schedules for Saturday shifts.
15. The Plaintiff complained to management regarding the religious discrimination, however, no action was taken.
16. The Plaintiff was then subjected to harassment and was retaliated against on the basis of his complaints about the Defendants [sic] intentional impediment of his free exercise of religion.
17. The Plaintiff was subjected to disciplinary action due to his religious beliefs on or about November 2, 2009, when he was terminated from his employment with Defendants.

Complaint ¶¶ 12-17. Plaintiff further alleges that Defendants discriminated against Plaintiff by failing to reasonably accommodate his religious beliefs, terminating him due to his religion, and showing preferential treatment by treating other non-Christian employees with preferential treatment. Complaint ¶ 22. Plaintiff's factual allegations are sufficient to state a claim for failure to

accommodate where Plaintiff alleges that he was a Christian with religious obligations to his church on Saturdays and Sundays, he notified Defendants of his religious obligations, Defendants continuously put Plaintiff on the schedule for Saturdays, and, after complaining, Plaintiff was subjected to harassment, retaliation, and termination. See Chalmers v. Tulon Co. of Richmond, 101 F.3d 1012, 1019 (4th Cir. 1996) (to establish a prima facie case of failure to accommodate a religious belief, a plaintiff must show that (1) he has a bona fide religious belief that conflicts with an employment requirement; (2) he informed the employer of this belief; [and] (3) he was disciplined for failure to comply with the conflicting employment requirement). Accordingly, Strand Development's Motion to Dismiss as to this issue should be denied.

### D.     Failure to Allege State Action Under 42 U.S.C. § 1983

Finally, Strand Development argues that Plaintiff fails to state a claim against it under § 1983 because Plaintiff fails to allege that Strand Development acted under color of state law. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Plaintiff alleges that Strand Development is a "person" under § 1983, see Complaint ¶ 7, but does not allege that Strand Development acted under color of state law. Thus, Plaintiff fails to state a claim under § 1983.

### V.     CONCLUSION

For the reasons discussed above, it is recommended that Defendant Strand Development, LLC's Motion to Dismiss (Document # 10) be denied in part and granted in part. Specifically, it is recommended that the Motion to Dismiss be denied as to Plaintiff's Title VII cause of action and

granted with respect to Plaintiff's § 1983 cause of action.

                                            s/Thomas E. Rogers, III
                                            Thomas E. Rogers, III
                                            United States Magistrate Judge

January 26, 2012
Florence, South Carolina

                 **The parties are directed to the important notice on the following page.**